# UNITED STATES BANKRUPTCY COURT
NORTHERN **DISTRICT OF** ILLINOIS
EASTERN **DIVISION**

| | | |
|---|---|---|
| In Re: | § | |
| | § | |
| New Era Painting Inc | § | Case No. 22-08485 |
| | § | |
| | § | |
| Debtor | § | |

## TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1. A petition under chapter 7 of the United States Bankruptcy Code was filed on 07/28/2022. The undersigned trustee was appointed on 07/28/2022.

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A**.

| | | |
|---|---|---:|
| 4. The trustee realized gross receipts of | $ | 150,470.73 |
| Funds were disbursed in the following amounts: | | |
| Payments made under an interim disbursement | | 0.00 |
| Administrative expenses | | 46.40 |
| Bank service fees | | 1,175.07 |
| Other payments to creditors | | 0.00 |
| Non-estate funds paid to 3rd Parties | | 0.00 |
| Exemptions paid to the debtor | | 0.00 |
| Other payments to the debtor | | 0.00 |
| Leaving a balance on hand of$^1$ | $ | 149,249.26 |

The remaining funds are available for distribution.

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. §326(a) on account of the disbursement of the additional interest.

UST Form 101-7-TFR (5/1/2011) *(Page: 1)*

     5. Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

     6. The deadline for filing non-governmental claims in this case was 11/28/2022 and the deadline for filing governmental claims was 01/24/2023. All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved. If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

     7. The Trustee's proposed distribution is attached as **Exhibit D**.

     8. Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $10,773.54. To the extent that additional interest is earned before case closing, the maximum compensation may increase.

     The trustee has received $0.00 as interim compensation and now requests a sum of $10,773.54, for a total compensation of $10,773.54$^{2}$. In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $0.00, and now requests reimbursement for expenses of $0.00, for total expenses of $0.00$^{2}$.

     Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date: 09/19/2023           By: /s/Ariane Holtschlag
                                            Trustee

**STATEMENT**: This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

---

[2] If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D).

UST Form 101-7-TFR (5/1/2011) *(Page: 2)*

FORM 1
INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT
ASSET CASES

| Case No: | 22-08485 | ABG | Judge: | A. Benjamin Goldgar | Trustee Name: | Ariane Holtschlag |
|---|---|---|---|---|---|---|
| Case Name: | New Era Painting Inc | | | | Date Filed (f) or Converted (c): | 07/28/2022 (f) |
| | | | | | 341(a) Meeting Date: | 08/24/2022 |
| For Period Ending: | 09/19/2023 | | | | Claims Bar Date: | 11/28/2022 |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Values | Est Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Formally Abandoned OA=554(a) | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| 1. Office Space Rental Security Deposit | 550.00 | 550.00 | | 0.00 | FA |
| 2. Accounts receivable 90 days old or less | 142,000.00 | 118,466.13 | | 119,920.00 | FA |
| 3. Business Complete Checking x3739 with JPMorgan Chae Bank, N.A. (u) | 0.00 | 21,946.13 | | 21,946.13 | FA |
| 4. Post-Petition Transfers (u) | 0.00 | 8,604.60 | | 8,604.60 | FA |

Gross Value of Remaining Assets

| TOTALS (Excluding Unknown Values) | $142,550.00 | $149,566.86 | | $150,470.73 | $0.00 |
|---|---|---|---|---|---|

(Total Dollar Amount in Column 6)

Major activities affecting case closing which are not reflected above, and matters pending, date of hearing or sale, and other action:

23/09/18: Correspond with J. Storer regarding granting of LOWJF first and final fee app.
23/08/23: Correspond with L. West regarding first and final fee app.
23/08/21: Correspond with L. West regarding partial year final return.
23/08/09: Correspond with J. Storer regarding first and final fee app for LOWJF.
23/08/01: Correspond with L. West regarding partial year final return.
23/07/25: All debtor's funds improperly used post-petition have been recovered.
23/07/05: Correspond with J. Storer regarding recovery of debtor's funds used post-petition.
23/06/29: Correspond with J. Storer regarding objection to Valasek POC.
23/06/21: Correspond with J. Storer regarding recovery of debtor's funds used post-petition.
23/04/18: Correspond with J. Storer regarding recovery of debtor's funds used post-petition.
23/04/14: Correspond with L. West regarding tax returns.
23/03/15: Correspond with L. West regarding tax returns.
23/03/08: Correspond with J. Storer regarding Robe, Inc. AR. etc.
23/03/03: Correspond with J. Storer regarding Debtor's post-petition use of bank account, delta is $8,604.60.
23/02/28: Correspond with J. Storer regarding Valasek POC.
23/01/06: Have payroll numbers, but will need SSNs for W2s, supplemental request sent to Debtor.
22/12/28: Review POCs 1-7. Totals: $9,203.32 secured; $101,749.03 priority; $184,875.31 GUC. Need legal advice on Valasek and tax claims. If Valasek priority claim is recatagorized as GUC (priority would then be $28,417.33 and GUCs would be $258,207.01), and full amount of ARs recovered, then anticipated GUC distribution is ~25%.
22/12/20: Correspond with L. West regarding employment as accountant.
22/12/15: Debtor's counsel holding check for $21,946.13 payable to Trustee representing the amount in the Chase account when it was closed. Robe, Inc. to issue two checks to Trustee soon and a third in the near future. Other issues: possibly another bank account at Beverly Bank, post-petition use of Debtor's bank account, and confirming amounts due from Robe, Inc.

UST Form 101-7-TFR (5/1/2011) *(Page: 3)*

22/12/07: Rec'd some supplemental docs from Debtor's counsel that purport to be:
- General Ledger for 2022 ytd.
- Financial Statements for 12/31/2021 and 7/31/2022
- 2022 Payroll Reports
- Chase Bank statements for July, August, and Sept
Updated bank statements show Post-Petition activity. Demand made for turnover of bank account. ETA 12/9/22.
22/11/29:
- No response from Robe, Inc. to demand letter, appears lawsuit will be necessary to collect, mechanic's lien not an option.
- Follow up with Debtor's counsel regarding outstanding documents requested.
22/10/25:
- Demand letter sent to Robe, Inc.
- Supplemental request to Debtor for: 1) 2022 general ledger (showing all business activity); 2) 2022 payroll journals so W2s may be issued; 3) bank statements from June 2022 through present; and 4) closure of bank account and turnover of balance.
- Counsel preparing legal action to collect ARs from Robe, Inc.
22/10/21: Rec'd from Debtor: 1) Balance Sheet Report and PnL; and 2) List of ARs with contracts and invoices.
22/09/26: Order entered authorizing 2004 exams of: Martin Delgadillo, JPMorgan Chase Bank, N.A., and Isela Noriega.
22/09/22: Continued meeting held, brief discussion of outstanding documents. Debtor says will have balance of docs within 2 weeks.
22/09/22: Rec'd tax returns and some invoice information from Debtor's counsel.
220/09/16: Rec'd bank statements and ZRF from Debtor's counsel
22/09/12: Order entered employing J. Storer as counsel for the Estate.
22/08/25: Filed initial report of assets. POC deadline 11/28/22; Gov't deadline 1/24/23. Initial Est TFR based on estimated length of time needed to investigate financial affairs and liquidate ARs.
22/08/25: Follow up correspondence to Debtor's counsel requesting:
a. Debtor's tax returns for 2020, and 2021
b. Debtor's bank statements for the period of 7/1/2020 – 7/31/2022
c. A full copy of the Debtor's bookkeeping file (usually Quickbooks .QBW)
d. Balance sheet report as of the petition date (7/28/2022) as well as 7/28/2021 and 7/28/2020
e. Profit and Loss report for 2022 YTD, 1/1/2021-12/31/2021, and 1/1/2020-12/31/2020
f. Debtor's tax return for 2019 (testimony that this was the last year on file)
g. A full list of all outstanding accounts receivable scheduled with an aggregate value of $142k as well as the contracts and Invoices for each (testimony was that the contracts and invoices are on-hand)
22/08/24: Initial 341 meeting. Some questioning, but no docs, so meeting continued to 9/22/22 at 2:00 p.m. Correspond with prospective counsel regarding potential assets and case strategy.
22/08/22: Correspond with creditor S. Valasek regarding 341 meeting.
22/08/12: Follow up correspondence to Debtor's counsel.
22/08/09: Correspond with Debtor's counsel regarding new business case and inquiring as to cessation of operations and critical assets and requesting:
  1. Debtor's tax returns for 2021 and 2020
  2. Debtor's bank statements for the period of 7/1/2020 – 7/31/2020
  3. A full copy of the Debtor's bookkeeping file (usually Quickbooks .QBW)
  4. Balance sheet report as of the petition date (7/28/2022) as well as 7/28/2021 and 7/28/2020
  5. Profit and Loss report for 2022 YTD, 1/1/2021-12/31/2021, and 1/1/2020-12/31/2020

Initial Projected Date of Final Report (TFR): 12/31/2023        Current Projected Date of Final Report (TFR): 12/31/2023

**FORM 2**

**ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD**

Exhibit B

| Case No: | 22-08485 | Trustee Name: | Ariane Holtschlag |
|---|---|---|---|
| Case Name: | New Era Painting Inc | Bank Name: | Axos Bank |
| | | Account Number/CD#: | XXXXXX0145 |
| | | | Checking |
| Taxpayer ID No: | XX-XXX7685 | Blanket Bond (per case limit): | $5,000,000.00 |
| For Period Ending: | 09/19/2023 | Separate Bond (if applicable): | |

| 1 | 2 | 3 | 4 | | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account/CD Balance ($) |
| 12/28/22 | 2 | Robe, Inc.<br>6150 N Northwest Hwy<br>Chicago, IL 60631 | Payment on account of Tuley Park 6/21/2022 TP-2022-080 "original amount $40,750; balance due $32,400; 12/15/2022 discount" | 1129-000 | $32,400.00 | | $32,400.00 |
| 12/28/22 | 2 | Robe, Inc.<br>6150 N northwest Hwy<br>Chicago, IL 60631 | Payment on account of 923 - Student Hall 7/7/2022 UIC-923-345 | 1129-000 | $23,400.00 | | $55,800.00 |
| 12/30/22 | 2 | Robe, Inc.<br>6150 N Northwest Hwy<br>Chicago, IL 60631 | Payment on account of Paschen PP-2022-075 | 1129-000 | $25,700.00 | | $81,500.00 |
| 01/03/23 | | Axos Bank | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $19.72 | $81,480.28 |
| 01/06/23 | 3 | New Era Painting Inc<br>5408 S. KILDARE<br>CHICAGO, IL 60632 | Proceeds from liqudiation of Chase bank account | 1229-000 | $21,946.13 | | $103,426.41 |
| 02/01/23 | | Axos Bank | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $110.29 | $103,316.12 |
| 03/01/23 | | Axos Bank | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $103.03 | $103,213.09 |
| 03/01/23 | 1001 | International Sureties Ltd.<br>701 Poydras St.<br>Suite 420<br>New Orleans, LA 70139 | 2023-2024 Premium - Blanket Bond #016073584 | 2300-000 | | $46.40 | $103,166.69 |
| 03/09/23 | 2 | Robe, Inc.<br>6150 N. Northwest Hwy<br>Chicago, IL 60631 | Account Receivable payment Memo: DW; Date: 7/30/2022; Reference BP-2022-070 | 1129-000 | $38,420.00 | | $141,586.69 |
| 04/03/23 | | Axos Bank | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $146.76 | $141,439.93 |
| 05/01/23 | | Axos Bank | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $151.14 | $141,288.79 |
| 05/04/23 | 4 | Isela Noriega | | 1149-000 | $4,500.00 | | $145,788.79 |

| UST Form 101-7-TFR (5/1/2011) *(Page: 5)* | Page Subtotals: | $146,366.13 | $577.34 |
|---|---|---|---|

**FORM 2**
**ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD**

Exhibit B

| | |
|---|---|
| Case No: 22-08485 | Trustee Name: Ariane Holtschlag |
| Case Name: New Era Painting Inc | Bank Name: Axos Bank |
| | Account Number/CD#: XXXXXX0145 |
| | Checking |
| Taxpayer ID No: XX-XXX7685 | Blanket Bond (per case limit): $5,000,000.00 |
| For Period Ending: 09/19/2023 | Separate Bond (if applicable): |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account/CD Balance ($) |
| 06/01/23 | | Axos Bank | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $160.49 | $145,628.30 |
| 07/03/23 | | Axos Bank | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $155.60 | $145,472.70 |
| 07/06/23 | 4 | Isela Noriega | | 1149-000 | $2,100.00 | | $147,572.70 |
| 07/25/23 | 4 | Isela Noriega | | 1149-000 | $2,004.60 | | $149,577.30 |
| 08/01/23 | | Axos Bank | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $163.07 | $149,414.23 |
| 09/01/23 | | Axos Bank | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $164.97 | $149,249.26 |

| | | |
|---|---:|---:|
| COLUMN TOTALS | $150,470.73 | $1,221.47 |
| Less: Bank Transfers/CD's | $0.00 | $0.00 |
| Subtotal | $150,470.73 | $1,221.47 |
| Less: Payments to Debtors | $0.00 | $0.00 |
| Net | $150,470.73 | $1,221.47 |

UST Form 101-7-TFR (5/1/2011) *(Page: 6)*   Page Subtotals:   $4,104.60   $644.13

Exhibit B

TOTAL OF ALL ACCOUNTS

|  | NET DEPOSITS | NET DISBURSEMENTS | ACCOUNT BALANCE |
|---|---|---|---|
| XXXXXX0145 - Checking | $150,470.73 | $1,221.47 | $149,249.26 |
|  | $150,470.73 | $1,221.47 | $149,249.26 |
|  | (Excludes account transfers) | (Excludes payments to debtors) | Total Funds on Hand |

| Total Allocation Receipts: | $0.00 |
|---|---|
| Total Net Deposits: | $150,470.73 |
| Total Gross Receipts: | $150,470.73 |

Exhibit C
ANALYSIS OF CLAIMS REGISTER

Case Number: 22-08485  
Debtor Name: New Era Painting Inc  
Claims Bar Date: 11/28/2022  

Date: September 19, 2023

| Code # | Creditor Name And Address | Claim Class | Notes | Scheduled | Claimed | Allowed |
|---|---|---|---|---|---|---|
| 100 2100 | Ariane Holtschlag, Trustee<br>FACTORLAW<br>105 W. MADISON<br>SUITE 1500<br>CHICAGO, IL  60602 | Administrative | | $0.00 | $10,773.54 | $10,773.54 |
| 100 3110 | Law Offices of William Factor, Ltd.<br>105 West Madison Street<br>Suite 1500<br>Chicago, IL  60602 | Administrative | | $0.00 | $9,507.50 | $9,507.50 |
| 100 3120 | Law Offices of William Factor, Ltd.<br>105 West Madison Street<br>Suite 1500<br>Chicago, IL  60602 | Administrative | | $0.00 | $15.23 | $15.23 |
| 100 3410 | Kutchins, Robbins & Diamond, Ltd.<br>Attn: Lois West<br>35 E. Wacker Drive, Suite 690<br>Chicago, IL 60601 | Administrative | | $0.00 | $2,857.50 | $2,857.50 |
| 2P 280 5800 | Department of the Treasury - Internal Revenue Service<br>P.O. Box 7317<br>Philadelphia, PA 19101-7317 | Priority | | $0.00 | $18,049.95 | $18,049.95 |
| 5P 280 5800 | Illinois Department Of Employment Security<br>33 S. State Street 10Th Fl<br>Chicago, Il 60603 | Priority | | $0.00 | $1,277.53 | $1,277.53 |
| 6P 280 5800 | Illinois Department Of Revenue-Bankruptcy<br>Po Box 19035<br>Springfield, Il 62794-9035 | Priority | | $0.00 | $3,952.31 | $3,952.31 |
| 7P 280 5800 | Illinois Department Of Revenue-Bankruptcy<br>Po Box 19035<br>Springfield, Il 62794-9035 | Priority | | $0.00 | $4,637.54 | $4,637.54 |
| 1 300 7100 | Timothy J. Valasek<br>2109 Dartmouth Lane<br>Darien, Il 60561 | Unsecured | | $0.00 | $196,019.32 | $168,638.17 |

Exhibit C
ANALYSIS OF CLAIMS REGISTER

Case Number: 22-08485  
Debtor Name: New Era Painting Inc  
Claims Bar Date: 11/28/2022  

Date: September 19, 2023

| Code # | Creditor Name And Address | Claim Class | Notes | Scheduled | Claimed | Allowed |
|---|---|---|---|---|---|---|
| 2U 300 7100 | Department of the Treasury - Internal Revenue Service P.O. Box 7317 Philadelphia, PA 19101-7317 | Unsecured | | $0.00 | $2,208.08 | $2,208.08 |
| 3 300 7100 | Capital One Bank (USA), N.A. by American InfoSource as agent PO Box 71083 Charlotte, NC 28272-1083 | Unsecured | | $0.00 | $4,863.27 | $4,863.27 |
| 4 300 7100 | Jpmorgan Chase Bank, N.A. PO Box 15368 Vilmington, DE 19850 | Unsecured | | $0.00 | $54,104.05 | $54,104.05 |
| 5U 300 7100 | Illinois Department Of Employment Security 33 S. State Street 10Th Fl Chicago, Il 60603 | Unsecured | | $0.00 | $110.00 | $110.00 |
| 6U 300 7100 | Illinois Department Of Revenue-Bankruptcy Po Box 19035 Springfield, Il 62794-9035 | Unsecured | | $0.00 | $456.00 | $456.00 |
| 7U 300 7100 | Illinois Department Of Revenue-Bankruptcy Po Box 19035 Springfield, Il 62794-9035 | Unsecured | | $0.00 | $446.29 | $446.29 |
| 2S 400 4300 | Department of the Treasury - Internal Revenue Service P.O. Box 7317 Philadelphia, PA 19101-7317 | Secured | | $0.00 | $2,104.10 | $2,104.10 |
| 5S 400 4800 | Illinois Department Of Employment Security 33 S. State Street 10Th Fl Chicago, Il 60603 | Secured | | $0.00 | $7,099.22 | $7,099.22 |
| | Case Totals | | | $0.00 | $318,481.43 | $291,100.28 |

Code#: Trustee's Claim Number, Priority Code, Claim Type (UTC)

## TRUSTEE'S PROPOSED DISTRIBUTION

Exhibit D

Case No.: 22-08485
Case Name: New Era Painting Inc
Trustee Name: Ariane Holtschlag

Balance on hand $ 149,249.26

Claims of secured creditors will be paid as follows:

| Claim No. | Claimant | Claim Asserted | Allowed Amount of Claim | Interim Payment to Date | Proposed Payment |
|---|---|---|---|---|---|
| 2S | Department of the Treasury - Internal Revenue Service | $ 2,104.10 | $ 2,104.10 | $ 0.00 | $ 0.00 |
| 5S | Illinois Department Of Employment Security | $ 7,099.22 | $ 7,099.22 | $ 0.00 | $ 0.00 |

Total to be paid to secured creditors $ 0.00

Remaining Balance $ 149,249.26

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Trustee Fees: Ariane Holtschlag, Trustee | $ 10,773.54 | $ 0.00 | $ 10,773.54 |
| Attorney for Trustee Fees: Law Offices of William Factor, Ltd. | $ 9,507.50 | $ 0.00 | $ 9,507.50 |
| Attorney for Trustee Expenses: Law Offices of William Factor, Ltd. | $ 15.23 | $ 0.00 | $ 15.23 |
| Accountant for Trustee Fees: Kutchins, Robbins & Diamond, Ltd. | $ 2,857.50 | $ 0.00 | $ 2,857.50 |

Total to be paid for chapter 7 administrative expenses $ 23,153.77

Remaining Balance $ 126,095.49

Applications for prior chapter fees and administrative expenses have been filed as follows:

NONE

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $27,917.33 must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 2P | Department of the Treasury - Internal Revenue Service | $ 18,049.95 | $ 0.00 | $ 18,049.95 |
| 5P | Illinois Department Of Employment Security | $ 1,277.53 | $ 0.00 | $ 1,277.53 |
| 6P | Illinois Department Of Revenue-Bankruptcy | $ 3,952.31 | $ 0.00 | $ 3,952.31 |
| 7P | Illinois Department Of Revenue-Bankruptcy | $ 4,637.54 | $ 0.00 | $ 4,637.54 |
| | Total to be paid to priority creditors | | | $ 27,917.33 |
| | Remaining Balance | | | $ 98,178.16 |

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $230,825.86 have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be 42.5 percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

UST Form 101-7-TFR (5/1/2011) *(Page: 11)*

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 1 | Timothy J. Valasek | $ 168,638.17 | $ 0.00 | $ 71,727.60 |
| 2U | Department of the Treasury - Internal Revenue Service | $ 2,208.08 | $ 0.00 | $ 939.17 |
| 3 | Capital One Bank (USA), N.A. | $ 4,863.27 | $ 0.00 | $ 2,068.52 |
| 4 | Jpmorgan Chase Bank, N.A. | $ 54,104.05 | $ 0.00 | $ 23,012.31 |
| 5U | Illinois Department Of Employment Security | $ 110.00 | $ 0.00 | $ 46.79 |
| 6U | Illinois Department Of Revenue-Bankruptcy | $ 456.00 | $ 0.00 | $ 193.95 |
| 7U | Illinois Department Of Revenue-Bankruptcy | $ 446.29 | $ 0.00 | $ 189.82 |

|  |  |
|---|---|
| Total to be paid to timely general unsecured creditors | $ 98,178.16 |
| Remaining Balance | $ 0.00 |

Tardily filed claims of general (unsecured) creditors totaling $0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be 0.0 percent.

Tardily filed general (unsecured) claims are as follows:

NONE

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be 0.0 percent.

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

NONE